## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Patrick Carney,                                          Civil No.: 05-2967 (DWF/JJG)

        Petitioner,

                                        **REPORT AND**

v.                                                       **RECOMMENDATION**

R.L. Morrison, Warden,

        Respondent.

_____

JEANNE J. GRAHAM, United States Magistrate Judge

        The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and on Respondent's Motion to Dismiss (Doc. No. 11). Petitioner claims the Bureau of Prisons ("BOP") wrongly determined the date when he is eligible for transfer from prison to a community corrections center. Respondent filed a response to the petition (Docket No. 4) contending that consideration of Petitioner's transfer date has been properly determined, and that Petitioner is not entitled to any relief in this case. Following the release of Petitioner to home confinement on March 21, 2006, Respondent filed a Motion to Dismiss (Doc. No. 11).

        This matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Petitioner's petition be dismissed as moot, Respondent's motion to dismiss be granted, and the entire action be dismissed with prejudice.

## RELEVANT BACKGROUND

        On December 27, 2005, Petitioner, a federal prisoner (Register Number 30283-039) then housed at the Federal Prison Camp in Duluth, Minnesota, filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241.  (See Doc. No. 1 at 1-3).  Petitioner was serving an 18-month sentence, imposed by United States District Judge Battani, for violation of a federal firearms law.  At the time he filed his petition, Petitioner's projected release date from prison was May 6, 2006, after application of accrued good time credit.  (Doc. No. 11 at Exhibit A).

The petition challenges the Respondent's refusal to consider placement of the Petitioner in a community corrections center for a period of time longer than the lesser of six-months or ten percent of his sentence.  (Id. at 1-2).  On January 20, 2006, Respondent filed a Response to Petitioner's petition seeking dismissal of the habeas petition.  (Doc. No. 4).  In that response, the United States argued that no inmate was entitled to serve more than the last ten-percent of their incarceration in a community corrections center pursuant to 18 U.S.C. § 3624(c) (2000), except in extremely rare circumstances.  (Id. at 5).  Respondent represented that the BOP had determined Petitioner eligible for a 46 day placement, pending his participation in the Release Preparation Program, and that Petitioner would be eligible for pre-release preparation on March 21, 2006.  (Id. at 3).  Petitioner contends he is eligible for release to a community correction center before March 21, 2006. (Doc. No. 1 at 3).  Therefore the Court finds the  dispute presented to the Court is whether Petitioner is eligible for pre-release preparation on a date prior to March 21, 2006, as Petitioner claims, or on March 21, 2006, as the BOP claims.

On March 30, 2006, Respondent filed a Motion to Dismiss Petitioner's Habeas Petition As Moot (Doc. No. 11).  In its motion, Respondent  notified this Court that on March 23, 2006, Assistant United States Attorney Erica H. MacDonald was advised by the BOP that Petitioner had been transferred to home confinement. (Id. at 1).  Respondent indicated that Petitioner's transfer to home confinement occurred on March 21, 2006, and Petitioner is no longer in the custody of Respondent. (Id. at 1-2).

**DISCUSSION**

The exercise of judicial authority requires the presence of a case or controversy.  U.S. Const. art. III, § 2, cl. 1.  One component of the case or controversy requirement is that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998) (emphasis added).  The only exception to the redressibilty requirement is where "some concrete and continuing injury. . . some 'collateral consequence' of the conviction" is present.  <u>Id.</u>

The Court finds that, because Petitioner was released to home confinement on March 21, 2006, it is not possible for this Court to grant the Petitioner the relief he requested in his petition.  Thus, there is no longer a case or controversy to litigate, no concrete and continuing injury exists, and this case and the petition now before the Court must be dismissed as moot.  <u>See</u> <u>e.g.</u>, <u>Elwood v. Sanders</u>, 152 Fed. Appx. 558, 558 (8th Cir. 2005) (per curiam) (dismissing habeas petition as moot because the petitioner' release to a CCC during the pendency of his appeal made it impossible for the court to grant the petitioner's requested relief that he be released to a lower security prison prior to his release to a CCC); <u>Hernandez v. Fed. Bureau of Prisons</u>, Civ. No. 04-5200 (BBK), 2005 WL 3527252, at *2-*3 (D.N.J. Dec. 22, 2005) (noting that the petitioner's habeas claim which sought release to a halfway house on July 6, 2005 became moot when he was released to a halfway house on October 17, 2005, two months prior to the court's ruling).

**CONCLUSION**

Therefore, **IT IS HEREBY RECOMMENDED that:**

1.      Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED as**

  **MOOT** since a more favorable decision on the merits would not entitle Petitioner to any

  additional relief;

2.      Respondent's Motion to Dismiss (Doc. No. 11) be **GRANTED**; and

3.      Petitioner's case be **DISMISSED WITH PREJUDICE**.

Dated: April 28, 2006                                    s/Jeanne J. Graham

                                                          _____
                                                          JEANNE J. GRAHAM
                                                          United States Magistrate Judge


Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by May 17, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.